**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39161**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Opinion No. 49** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 30, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ARLYN V. ORR,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County. Hon. Gregory W. Moeller, District Judge.

Judgment of conviction for resisting and obstructing officers, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Arlyn V. Orr appeals from his judgment of conviction following a jury verdict finding him guilty of resisting and obstructing officers. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

While on patrol at approximately 12:20 a.m., Deputy Shawn Scott noticed a vehicle in a public parking lot. As he approached, Deputy Scott observed the car was running with a person who appeared to be asleep in the driver's seat and five open cans of beer inside. Deputy Scott attempted several times, unsuccessfully, to wake the driver, who he identified as Orr through a license plate search. Seeing the door was unlocked, Deputy Scott opened the door, turned off the ignition, and continued trying to wake Orr. Deputy Scott smelled the odor of alcohol inside the vehicle. Eventually, Deputy Scott had to shake Orr in order to wake him up.

1

After Orr finally awoke, Deputy Scott identified himself, informed Orr he was with the Madison County Sheriff's Office, and stated he believed Orr had been drinking. Deputy Scott observed that Orr's eyes were bloodshot and glassy, his speech was slurred, and his breath smelled like an alcoholic beverage. Deputy Scott also noted that Orr was exhibiting impaired memory and displaying poor judgment. For approximately twenty minutes, Deputy Scott attempted to coax Orr to exit the vehicle to perform field sobriety tests, but Orr adamantly refused.

Corporal Dallin Wrigley arrived as backup and the two attempted to physically remove Orr from the vehicle; however, Orr stiffened his body so they could not. Eventually, Corporal Wrigley utilized pepper spray to induce Orr's cooperation in exiting the vehicle. Orr was transported to the Sheriff's office where he submitted to breath alcohol tests that indicated he was well over the legal limit.

Orr was charged with driving under the influence (DUI), enhanced to a felony because he was previously convicted of felony DUI within fifteen years, Idaho Code §§ 18-8004(1)(a), 18-8005(9); possession of an open container of alcohol, I.C. § 23-505; and resisting and obstructing officers, I.C. § 18-705. The charge for resisting and obstructing officers read as follows:

> The Defendant . . . on or about March 11, 2011 . . . did willfully resist, delay or obstruct a public officer in the discharge, or attempted discharge, of a duty of his office, to wit: by disobeying and resisting a lawful order to exit his vehicle and/or other lawful requests or commands of Deputy Shawn Scott and/or Deputy Dallin Wrigley . . . .

Following a trial, a jury acquitted Orr of the open container violation, but found him guilty of felony DUI and resisting and obstructing officers. The district court entered a judgment of conviction and sentenced Orr to a unified term of ten years, with three years determinate, for the DUI and a concurrent term of 180 days for the resisting and obstructing. Orr now appeals the resisting and obstructing conviction.

## II.

## ANALYSIS

Orr contends there was insufficient evidence presented at trial to support his conviction for resisting and obstructing officers. Specifically, he contends the evidence that he refused to perform field sobriety tests was insufficient because he could not be convicted of a crime for

exercising his constitutional rights and because the State failed to present evidence that Orr knew the officers' requests were lawful.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code § 18-705 makes it a crime to "willfully resist[ ], delay[ ] or obstruct[ ] any public officer, in the discharge, or attempt to discharge, . . . any duty of his office." Three elements must be satisfied in order to find a violation of the statute: (1) the person who was resisted, delayed, or obstructed was a law enforcement officer; (2) the defendant knew the person was an officer; and (3) the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty. *State v. Bishop*, 146 Idaho 804, 816, 203 P.3d 1203, 1215 (2009); *State v. Adams*, 138 Idaho 624, 629, 67 P.3d 103, 108 (Ct. App. 2003). The term "duty" in section 18-705 includes only lawful and authorized acts of a public officer. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216; *State v. Wilkerson*, 114 Idaho 174, 180, 755 P.2d 471, 477 (Ct. App. 1988). Because an unlawful act is not considered a "duty" under the statute, an individual may peacefully obstruct or refuse to obey an officer's unlawful act without violating the statute. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216; *Wilkerson*, 114 Idaho at 180, 755 P.2d at 477. An individual may not, however, use force or violence to resist. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216; *Wilkerson*, 114 Idaho at 180, 755 P.2d at 477.

When an officer conducts a legal search, he or she is performing a duty of his or her office under section 18-705. *Bishop*, 146 Idaho at 817, 203 P.3d at 1216. Thus, if the evidence presented at trial showed that Orr resisted and/or obstructed the officers in their attempt to

3

conduct a lawful search, Orr did not have a constitutional right to refuse (as he asserts on appeal). *See Bishop*, 146 Idaho at 818, 203 P.3d at 1217.

The Fourth Amendment to the United States Constitution prohibits the unreasonable searches or seizures of persons or property. A search or seizure conducted without a warrant issued on probable cause is presumptively unreasonable unless it falls within one of the established exceptions to the warrant requirement. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). One exception applies when there is an investigative detention based upon reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). An investigative detention must be justified by articulable facts raising reasonable suspicion that the individual has been or is about to be engaged in criminal conduct. *See id*. at 21; *State v. Zuniga*, 143 Idaho 431, 434, 146 P.3d 697, 700 (Ct. App. 2006). The detention of an individual who is reasonably suspected of driving under the influence of intoxicants constitutes such a permissible warrantless detention. *State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 218 (Ct. App. 2008). Field sobriety tests, although searches, are a reasonable and permissible component of an investigation where the officer has detained the individual on reasonable suspicion of DUI. *Id*. at 56, 175 P.3d at 218;[1] *State v. Ferreira*, 133 Idaho 474, 479-81, 988 P.2d 700, 705-07 (Ct. App. 1999). In addition, during a traffic stop, an officer may direct the temporarily detained driver to step outside the vehicle. *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977); *State v. Irwin*, 143 Idaho 102, 104, 137 P.3d 1024, 1026 (Ct. App. 2006).

Here, there was sufficient evidence presented at trial that Orr was properly detained on suspicion of driving under the influence. Deputy Scott observed Orr in the driver's seat of his vehicle with the motor running and five open cans of beer in the vehicle. Deputy Scott attempted to wake Orr by knocking on the vehicle window, which was not successful, and ultimately opened the car door and shook Orr in order to rouse him. Upon opening the door, Deputy Scott

---

[1] On appeal, Orr argues that our holding in *State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 18 (Ct. App. 2008), that an individual who is reasonably suspected of driving under the influence of intoxicants has no right to refuse to perform field sobriety tests, is incorrect. *Buell* rests, Orr contends, on a misinterpretation of this Court's case law and misapplication of Idaho and United States Supreme Court precedent. We disagree and decline Orr's implicit invitation to overrule our decision in *Buell*.

smelled alcohol and, after interacting with Orr, observed that Orr had slurred speech, glassy and bloodshot eyes, and breath smelling of alcohol. Deputy Scott also noted that Orr was exhibiting impaired memory and poor judgment. Based on these facts, Deputy Scott possessed the requisite reasonable suspicion to investigate Orr for driving under the influence. It therefore follows that the officer's attempt to administer field sobriety tests (and order Orr out of the vehicle to do so) was a permissible component of his investigation--and thus was a lawful act that may comprise the basis of a resisting and obstructing charge. *See Bishop*, 146 Idaho at 817, 203 P.3d at 1216. Accordingly, Orr had no "constitutional right" to refuse to comply with Deputy Scott's lawful request.

Orr also contends that even if an officer has the authority to order a defendant to engage in field sobriety tests upon reasonable suspicion of driving under the influence, this does not "inexorably lead to the conclusion that failing to participate in the field sobriety tests is itself a violation of the resisting or obstructing statute." Specifically, he contends the statute "appears to require more than a mere refusal to perform some requested action" and cites to several cases where active resistance was involved. Orr's argument in this regard is not well taken. The plain language of the statute criminalizes "resist[ing], delay[ing] or obstruct[ing]" an officer in the discharge of his duties--language that does not plainly require resistance beyond refusal to comply with lawful orders. Nor does Orr cite any authority where Idaho courts have found this statute to require more active resistance than what occurred here.

We also find no merit in Orr's contention that because the legislature has specifically provided a noncriminal penalty for refusing to provide a breath sample during a DUI investigation, *see* Idaho Code § 18-8002(3), it has implied that the refusal to engage in field sobriety tests is "not criminal conduct under any statute." Orr has provided no citation to authority to support this proposition and thus we do not address it further. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if either authority or argument is lacking).

Finally, Orr contends the State failed to present evidence that he knew the officers' requests were lawful. As indicated above, the Idaho Supreme Court has stated that an element of section 18-705 is that the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty. *Bishop*, 146 Idaho at 816, 203 P.3d at 1215. Orr

argues this element was not satisfied because he testified at trial that he believed the officers were violating his rights when they ordered him to exit and perform field sobriety tests.

The language cited in *Bishop* apparently originated in the Supreme Court's decision in *State v. Winter*, 24 Idaho 749, 135 P. 739 (1913), where the court addressed the elements of the predecessor to section 18-705:[2]

> It is necessary, we think, in a case of this kind, for the state to show that the person who was resisted was at the time an officer, and that the defendant knew such fact, and that *the defendant also knew at the time that he offered resistance that the officer was attempting to serve process or perform some official act or was engaged in or was in pursuit of some official duty*. The mere fact that the party was an officer would of itself not call into operation the provisions of the statute . . . or entitle him to invoke its protection, unless he was also engaged in the performance or discharge of some official duty. The state only clothes officials with its protection and immunity from resistance when employed in the discharge of public or official duty. When so employed, the interests of the public and of the state are superior to the rights of any individual, and so the state says to every individual, "You cannot--you must not--offer resistance to these officials when going about the discharge of the public service."

*Winter*, 24 Idaho at 757-58, 135 P. at 740 (emphasis added). Orr argues that this holding in *Winter*, combined with the decision in *Wilkerson*, 114 Idaho at 180, 755 P.2d at 477,[3] which held that "duty" as used in section 18-705 encompasses only those "lawful and authorized acts of a public officer," require that a defendant *subjectively* know an officer's conduct is lawful. The problems inherent in such an interpretation are not difficult to imagine. The Oregon Court of Appeals recently summarized the difficulties that would arise if a defendant's subjective belief as to the lawfulness of an officer's action must be proven in order to establish a resisting and obstructing offense:

> [D]ecisively, requiring a culpable mental state regarding the lawfulness of the refused order would severely complicate enforcement of the statute, if not render enforcement impossible. Whether a particular police order is "lawful" is frequently a complex question involving some of the most vexing and intractable

---

[2] Aside from the addition of the alternative element of knowingly giving a false report, the elements of section 18-705 remain the same as the predecessor statue discussed in *State v. Winter*, 24 Idaho 749, 135 P. 739 (1913). *State v. Wilkerson*, 114 Idaho 174, 179, 755 P.2d 471, 476 (Ct. App. 1988).

[3] *Wilkerson* was affirmed by the Supreme Court without discussion. *State v. Wilkerson*, 115 Idaho 357, 766 P.2d 1238 (1988).

issues in constitutional law. For example, a police order such as "Stop!" can be an unlawful seizure of a person under Article I, section 9, of the Oregon Constitution, depending on whether the order is accompanied by a sufficient show of authority and the officer who issues the order is subsequently found to have lacked reasonable suspicion to believe that criminal activity was afoot. The inquiry is addressed on a case-by-case basis, there are few if any bright line rules, and there is an almost infinite variety of variables--some of which, such as the officer's state of mind, could not possibly be known by a defendant. Likewise, an order to disperse might unlawfully interfere with a person's right of free expression under Article I, section 8, of the Oregon Constitution--a determination that can surely confound ordinary citizens and has in fact confounded even judges of this court. It is difficult to imagine a prosecution in which the state could prove that a defendant knew or should have known that a particular order was lawful. We conclude that, clearly, the legislature intended to dispense with a culpable mental state requirement with respect to a defendant's knowledge that a particular police order is lawful.

*State v. Ruggles*, 242 P.3d 643, 646 (Or. Ct. App. 2010) (citations omitted).

In addition to *Bishop*, numerous Idaho cases since *Winter* have listed as an element of a resisting and obstructing offense that the defendant also knew at the time of the resistance that the officer was attempting to perform some official act or duty. *See e.g.*, *Adams*, 138 Idaho at 629, 67 P.3d at 108; *State v. Hollon*, 136 Idaho 499, 502, 36 P.3d 1287, 1290 (Ct. App. 2001); *Wilkerson*, 114 Idaho at 178-79, 755 P.2d at 475-76. *But see State v. Goerig*, 121 Idaho 108, 113, 822 P.2d 1005, 1010 (Ct. App. 1991) ("The essential elements of the crime of resisting a public officer are that a person resists, delays, or obstructs that public officer, while the officer is discharging or attempting to discharge his official duties."). However, the crux of the challenge to this element in many of these cases was the defendant's assertion that the officer was not, objectively, acting lawfully and therefore the defendant could not be convicted pursuant to section 18-705.

Given the possibility of confusion, we take this opportunity to clarify the language used in our past cases and hold that a defendant's subjective belief that the officer's act is lawful is not an element of resisting and obstructing officers. Rather, what is required is that the officer was, in fact, lawfully attempting to perform some official act or duty and that the defendant knew that the officer was attempting *that act*. As the Oregon Court of Appeals noted, to hold otherwise would render enforcement of resisting and obstructing statutes nearly impossible.

Even so, Orr's assertion that he did not subjectively know the officers were authorized to investigate in this instance is disproved by Orr's own testimony. During cross-examination, Orr was asked:

> So if Deputy Scott approaches your vehicle in the night and sees you in the condition you were that night and sees what appears to be open containers of alcohol in your vehicle and he sees that your engine is running, he has a duty to further investigate that; doesn't he?

In response, Orr eventually admitted, "I'm going to assume that that's probably what a deputy should do." Accordingly, there was sufficient evidence to support the jury's verdict finding Orr guilty of resisting and obstructing officers.

Since Deputy Scott possessed the requisite reasonable suspicion to investigate Orr for driving under the influence, Deputy Scott was engaging in a lawful act in requesting that Orr exit his vehicle; thus, Orr had no "constitutional right" to refuse to comply with the request. Additionally, Orr's subjective belief that the officers' acts were lawful is not an element of resisting and obstructing officers. The evidence was sufficient to support the jury's verdict. Orr's judgment of conviction for resisting and obstructing officers is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**