**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47879**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 25, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| AMANDA MAE JENQUINE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C, Meyer, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Amanda Mae Jenquine appeals from a judgment of conviction for possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Shortly after midnight, an officer observed a parked vehicle facing the wrong way in the drive-thru of a closed restaurant. The officer approached, saw Jenquine sleeping in the driver's seat, and noticed two open containers of alcohol next to her. Jenquine awoke to the officer knocking on the vehicle window and admitted she drank alcohol prior to driving her vehicle. During this conversation, the officer smelled the odor of alcohol and noticed Jenquine's slurred speech.

1

After a brief interlude spent checking Jenquine's identification, the officer returned and ordered her to exit the vehicle to perform field sobriety tests. Jenquine protested, but again admitted to drinking prior to arriving at the parking lot. The officer informed Jenquine that she was being detained to investigate whether she had driven under the influence of alcohol. Jenquine then changed her story and said that she did not start drinking until after she arrived at that location. She exited her vehicle and began the field sobriety tests. While the officer conducted field sobriety tests, other officers arrived, one of whom observed a baggie of methamphetamine in Jenquine's vehicle. The officers placed Jenquine in handcuffs and searched her vehicle, locating additional methamphetamine in her purse. The State charged Jenquine with possession of a controlled substance and possession of an open container of alcohol.

Jenquine filed a motion to suppress, contending that the officer lacked reasonable suspicion that she had driven under the influence and that the officer did not use the least intrusive means to confirm or dispel his suspicions. After the district court denied the suppression motion, Jenquine entered a conditional guilty plea to possession of a controlled substance, I.C. § 37-2732(c)(1), preserving the right to appeal the denial of her motion to suppress. In exchange for Jenquine's guilty plea, the State dismissed the remaining count. Jenquine appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful that substantial evidence supports the district court's factual findings and that the district court's "legal conclusions are consistent with applicable precedent," Jenquine argues the

2

district court erred in denying her motion to suppress because the officer did not use the least intrusive means to confirm or dispel his suspicion that she had driven under the influence of alcohol. The State responds that the district court correctly concluded that the officer had reasonable suspicion that Jenquine had driven under the influence, allowing the officer to conduct field sobriety tests. We hold that Jenquine has failed to show the district court erred in denying her motion to suppress.

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Once an officer has reasonable suspicion that a person has been driving while under the influence, the officer can order the person to perform field sobriety tests. *State v. Nelson*, 134 Idaho 675, 679, 8 P.3d 670, 674 (Ct. App. 2000).

In determining the officer had reasonable suspicion to detain Jenquine, the district court found, among other things, that the officer had observed Jenquine asleep in the driver's seat with two open containers of alcohol next to her--one empty and one half-empty; that she had slurred speech and admitted to drinking alcohol prior to driving her vehicle; and that, while speaking with her, the officer smelled the odor of alcohol. Jenquine does not challenge any of these factual findings. These findings suffice to support reasonable suspicion that Jenquine had driven while under the influence. *See State v. Orr*, 157 Idaho 206, 209, 335 P.3d 51, 54 (Ct. App. 2014) (concluding officer had reasonable suspicion of driving under the influence based on observing defendant asleep with open containers of alcohol in a vehicle with its engine running; smelling the odor of alcohol; and noticing the defendant's slurred speech, bloodshot and glassy eyes, impaired memory, and poor judgment); *State v. Pick*, 124 Idaho 601, 605, 861 P.2d 1266, 1270 (Ct. App. 1993) (concluding that officer had reasonable suspicion of driving under the influence because defendant admitted to consuming alcohol that evening and officer smelled the odor of alcohol on defendant's breath and noticed defendant's slurred speech).

3

Jenquine notes that, contrary to her initial statements that she consumed alcohol prior to driving, she also told the officer that she did not drink alcohol until after she stopped driving. She argues that the field sobriety tests "would not have determined which of her explanations was accurate" and, as such, the field sobriety tests were not the least intrusive means to confirm or dispel the officer's suspicion that Jenquine had driven under the influence. We disagree. We have previously held that field sobriety tests are the least intrusive means reasonably available to verify or dispel an officer's suspicion that a person drove while under the influence. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). While field sobriety tests may not answer precisely when a person consumed alcohol, that question forms only part of an officer's investigation for driving under the influence. Field sobriety tests aid in determining whether a person is impaired by alcohol, a valid component of an investigatory detention for driving under the influence. *See id.* Because the officer had reasonable suspicion that Jenquine had driven under the influence, he could lawfully order her to perform field sobriety tests. Consequently, the district court did not err in denying Jenquine's motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that the officer had reasonable suspicion to detain Jenquine to investigate whether she had been driving under the influence, giving the officer a lawful basis to order her to perform field sobriety tests. Thus, Jenquine has failed to show the district court erred in denying her motion to suppress. Consequently, Jenquine's judgment of conviction is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.