NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30271 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00181-BLW-1 |
| v. | |
| CODY MILLER WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 9, 2023
Portland, Oregon

Before: MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

Cody Williams appeals the district court's denial of his motion to suppress a

gun that law-enforcement officers found in his coat pocket. Williams was charged

and convicted with one count of Possession of a Firearm by a Prohibited Person in

violation of 18 U.S.C. § 922(g)(1). The district court denied Williams' motion to

suppress, concluding that: (a) the officers had reasonable suspicion that Williams

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

was armed and dangerous and were therefore entitled to conduct a pat down search; (b) Williams violated Idaho Code § 18-705 by resisting and obstructing the officers when they asked Williams to drop a crowbar and approach, and the officers were therefore entitled to search him incident to arrest; and (c) in the alternative, the inevitable discovery doctrine applied because the officers would have found the gun while conducting a pat down search.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on all three grounds.

"We review the district court's denial of a motion to suppress de novo and the underlying factual findings for clear error."  *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017) (cleaned up).

1. The district court correctly determined the officers had reasonable suspicion that Williams may have been armed and were therefore entitled to conduct a *Terry* search.  *See Terry v. Ohio*, 392 U.S. 1 (1968).  "In connection with an otherwise lawful investigative detention under *Terry*, an officer may conduct a brief pat-down (or frisk) of an individual when the officer reasonably believes that the 'persons with whom [they are] dealing may be armed and presently dangerous.'"  *United States v. Brown*, 996 F.3d 998, 1007 (9th Cir. 2021) (cleaned up).  "The test . . . is an objective one: 'whether a reasonably prudent officer in the circumstances would be warranted in the belief that [their] safety or that of others was in danger.'"  *Id*. (cleaned up).

2

At the suppression hearing, the officers testified that they believed Williams "could possibly have another weapon." When they showed up to the scene during midday, Williams matched the description of a reported burglary suspect, had a crowbar, was wearing a trench coat, was near the backyard of the person that called the officers, and it appeared he may attempt to flee. The situation as a whole justified a *Terry* pat down. *See Thomas v. Dillard*, 818 F.3d 864, 878 (9th Cir. 2016), *as amended* (May 5, 2016) ("In *Terry*, the officer's suspicion that Terry was armed was premised largely on his substantiated suspicion that Terry was planning a daytime store robbery and that such robberies are 'likely to involve the use of weapons.'") (quoting *Terry*, 392 U.S. at 28)).[1]

2. The district court also correctly determined that the officers had probable cause to arrest Williams and search him incident to that arrest. An officer has probable cause to arrest someone "if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959). Under Idaho law, an officer may make a warrantless arrest when a person has committed a "public offense . . . in [the officer's] presence." Idaho Code § 19-603(1). "The search-incident-to-arrest

---

[1] At the motion to suppress hearing, the district court expressed concerns about whether the officers exceeded the limits of a *Terry* stop by forcing Williams on the ground within seconds of arriving on the scene. Williams abandoned this argument on appeal.

exception permits law enforcement officers to conduct a warrantless search of a person who is arrested, and of his surrounding area, when the search is incident to the arrest." *United States v. Smith*, 389 F.3d 944, 950–51 (9th Cir. 2004).

It was reasonable for the officers to conclude that they had probable cause to arrest Williams for violating Idaho Code § 18-705, which provides:

> Every person who willfully resists, delays[,] or obstructs any public officer, in the discharge, or attempt to discharge, of any duty of his office . . . is punishable by a fine not exceeding one thousand dollars ($1,000), and imprisonment in the county jail not exceeding one year.

The Supreme Court of Idaho has interpreted this statute broadly. For example, if a search would be lawful, mere refusal to allow the search can justify an arrest. *See State v. Bishop*, 203 P.3d 1203, 1216 (Idaho 2009) ("Because the officer's entry was constitutional, [the defendant's] refusal to let [the officer] in constituted a violation of section 18-705."). Additionally, Idaho courts have noted "[t]he plain language of the statute criminalizes resisting, delaying or obstructing an officer in the discharge of his duties," and "does not plainly require resistance beyond refusal to comply with lawful orders." *State v. Orr*, 335 P.3d 51, 55 (Idaho App. 2014) (cleaned up).

Here, Williams concedes that the *Terry* stop was lawful. While conducting the lawful *Terry* stop, the officers asked Williams to drop the crowbar three times. They also ordered Williams to approach them four times. Williams dropped the crowbar only after the officers' third request, and he never approached. Then,

4

when the officers approached Williams and attempted to place his arms behind his back, he tried to pull away.

Williams does not argue that any of the officers' orders were unlawful. Instead, Williams notes that he partially complied with the officers' orders by dropping the crowbar and argues that his partial compliance means he did not violate Idaho Code § 18-705. However, because Williams failed to comply with several lawful orders during a lawful *Terry* stop, the officers had probable cause to arrest him for violating Idaho Code § 18-705 and search him incident to that arrest. *See Smith*, 389 F.3d at 950–51.

3. Finally, the district court correctly held that even if the officers did not have probable cause to arrest Williams and conduct the search incident to arrest, the officers would have inevitably discovered the gun while conducting a pat down search of Williams. "The inevitable discovery doctrine is an exception to the exclusionary rule." *United States v. Andrade*, 784 F.2d 1431, 1433 (9th Cir. 1986). "For the exception to apply, the prosecution must show by a preponderance of the evidence that the contraband or other material seized would have been discovered inevitably by lawful means." *Id*.

As explained above, the officers had reasonable suspicion to conduct a pat down search. The officer who found the gun testified that he "fe[lt] a hard object in [Williams'] right front pocket . . . ." We conclude it is more likely than not that

the officers inevitably would have discovered Williams' gun.

\*\*\*

**AFFIRMED**.