IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42041

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 368 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 23, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARLENE K. SHELTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction for possession of methamphetamine, possession of drug paraphernalia, and driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Darlene K. Shelton appeals from her judgment of conviction, entered upon her conditional guilty plea, for possession of methamphetamine, possession of drug paraphernalia, and driving under the influence. Specifically, she contends the district court erred by denying her motion to suppress evidence because the officer violated her Fourth Amendment rights by illegally prolonging her detention to investigate whether she was driving under the influence and by searching her vehicle and purse. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

After observing Shelton fail to use her turn signal when exiting a parking lot, an officer turned on his overhead lights to execute a traffic stop. Shelton appeared to be oblivious to the officer, parked in a grocery store parking lot, and exited her vehicle, at which point the officer

1

initiated contact. The officer smelled the odor of burnt marijuana coming from the car and Shelton displayed various signs of being under the influence, including slurred speech, anxiousness, and unsteadiness on her feet. The officer conducted several field sobriety tests, on which Shelton generally performed poorly. The officer then searched the vehicle, including a purse found in the passenger compartment in which he found methamphetamine.

Shelton was charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1); possession of paraphernalia, I.C. § 37-2732A; and operating a motor vehicle while under the influence (DUI), I.C. § 18-8004. She filed a motion to suppress, contending her detention, the search of her purse and vehicle, and her arrest were "unlawful and without legal justification." Following a hearing, the district court denied the motion in a comprehensive written decision. Shelton entered conditional guilty pleas to the charges, reserving her right to appeal the denial of her motion to suppress. She now appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Shelton first contends the officer did not have reasonable suspicion to investigate her for driving under the influence. Pursuant to the Fourth Amendment, a search or seizure conducted without a warrant issued on probable cause is presumptively unreasonable unless it falls within one of the established exceptions to the warrant requirement. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993); *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). One exception applies when there is an investigative detention based upon reasonable suspicion of criminal activity. *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). An investigative detention must be justified by articulable facts raising reasonable suspicion that the individual has been or is about to be engaged in criminal conduct. *See id*. at 21; *State v. Zuniga*, 143 Idaho 431, 434, 146 P.3d

2

697, 700 (Ct. App. 2006). The detention of an individual who is reasonably suspected of driving under the influence of intoxicants constitutes such a permissible warrantless detention. *State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 218 (Ct. App. 2008). Field sobriety tests, although searches, are a reasonable and permissible component of an investigation where the officer has detained the individual on reasonable suspicion of DUI. *Id.*; *State v. Ferreira*, 133 Idaho 474, 479-81, 988 P.2d 700, 705-07 (Ct. App. 1999).

Shelton acknowledges the district court found that she had committed driving infractions; had not noticed the officer was following her with his emergency lights on; exhibited dry mouth, slurred speech, anxiousness, unsteadiness, unresponsive pupils, and lack of eye convergence during the HGN test; and that her performance on several of the other field sobriety tests was highly indicative of someone driving under the influence of a drug. Although Shelton does not challenge the district court's factual findings or application of the law, she argues that "despite these findings," the officer did not have the requisite reasonable suspicion to investigate her for driving under the influence.

In determining the officer had reasonable suspicion to investigate Shelton for driving under the influence, the district court relied on the facts acknowledged by Shelton above as well as the fact that the officer noticed the odor of alcohol and marijuana immediately after Shelton returned to her vehicle and the officer began asking questions. Given these facts as found by the district court, there was more than ample reasonable suspicion to support the DUI investigation and the district court did not err by determining as much.

Shelton also contends the officer did not have probable cause to search her vehicle and purse. Under the automobile exception, police may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005). Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *Gibson*, 141 Idaho at 281, 108 P.3d at 428.

The district court determined the officer's search of Shelton's vehicle and purse was supported by probable cause that evidence of drug use would be unearthed. Specifically, the district court indicated it found the officer to be credible and noted the officer's testimony that he

smelled burnt marijuana emanating from the passenger compartment and that he had observed indications that Shelton was under the influence of drugs (discussed above). On appeal, Shelton does not challenge the district court's factual findings and acknowledges Idaho case law which holds that the odor of marijuana is sufficient to justify the warrantless search of the part of the vehicle associated with the odor. *See, e.g.*, *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990) (holding that "the smell of marijuana *alone* can satisfy the probable cause requirement for a warrantless search" of a vehicle). Nonetheless, Shelton argues the officer did not have the requisite probable cause. This argument fails; not only did the officer testify that he smelled marijuana coming from the passenger compartment, but this was bolstered by the ample additional evidence that Shelton was under the influence of a controlled substance. Given these facts, the district court did not err by determining the search was supported by probable cause, and therefore denying Shelton's motion to suppress. Shelton's judgment of conviction for possession of methamphetamine, possession of drug paraphernalia, and driving under the influence is affirmed.

Chief Judge MELANSON and Judge LANSING, **CONCUR**.

4