NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter. Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| STATE OF ALASKA,<br><br>              Appellant,<br><br>      v.<br><br>DAVID C. SPENCER,<br><br>              Appellee. | Court of Appeals No. A-11895<br>Trial Court No. 4NE-13-95 CR<br><br>O P I N I O N<br><br>No. 2494 — February 26, 2016 |

Appeal from the District Court, Fourth Judicial District, Nenana,
Ben Seekins, Judge.

Appearances: William A. Spiers, Assistant District Attorney,
Fairbanks, and Michael C. Geraghty, Attorney General, Juneau,
for the Appellant. William R. Satterberg Jr., The Law Offices
of William R. Satterberg, Jr., Fairbanks, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard, Judge.

Judge ALLARD.

A state trooper contacted David C. Spencer outside a residence shortly after
the trooper observed Spencer driving his four-wheeler on the street in Nenana. During
the course of this contact, the trooper observed signs that Spencer was intoxicated.

Based on his observations, the trooper administered field sobriety tests to
Spencer. During those tests, Spencer began complaining about performing the tests and

expressed his reluctance to do so. The trooper repeatedly told Spencer to complete the rest of the field sobriety tests, which Spencer did. After Spencer failed the field sobriety tests, the trooper arrested him for driving under the influence. A later breath test revealed a blood alcohol level above the legal limit.

Spencer moved to suppress the evidence of his intoxication, asserting that the trooper unlawfully coerced him into performing the field sobriety tests. Spencer argued that the trooper could not demand that he perform field sobriety tests unless the trooper had probable cause to believe he was driving under the influence.

After an evidentiary hearing and supplemental briefing by the parties, the district court agreed with Spencer that the trooper needed probable cause to compel him to submit to field sobriety tests against his will. The court further found that the trooper did not have probable cause to believe Spencer was driving under the influence until after Spencer failed the field sobriety tests. The court therefore granted Spencer's motion to suppress and dismissed the case.

The State now appeals. For the reasons explained here, we conclude that the district court relied on an erroneous interpretation of the law. We therefore reverse the district court's orders and remand this case to the district court for proceedings consistent with this decision.

*Why we reverse the decision of the district court and remand this case*

In Alaska, the police are entitled to administer field sobriety tests whenever they have reasonable suspicion to believe a motorist is driving under the influence. [1] As

---

[1] *Galimba v. Anchorage*, 19 P.3d 609, 612 (Alaska App. 2001).

we first noted in *McCormick v. Anchorage*, the majority of states treat field sobriety tests as a form of a *Terry* stop, not as a search.[2]  In *McCormick,* we observed:

> Although there is some disagreement among the states on this issue, most courts hold that a motorist has no constitutional right to refuse field sobriety tests as long as the requested field sobriety tests are non-testimonial ... and as long as the officer's request for field sobriety tests is supported by the requisite reasonable suspicion[.][3]

> Following our decision in *McCormick*, we issued *Galimba v. Anchorage*, in which we definitively held that "in Alaska, police do not need probable cause sufficient for an arrest before requesting typical field sobriety tests."[4]

> Spencer points to our use of the term "requesting" in *Galimba* to argue that *Galimba*'s holding is limited to situations where the officer *asks* a motorist to submit to field sobriety tests.  Spencer argues that the officer must have probable cause to *order* the motorist to submit to those tests.  This is a misreading of *Galimba*.

> We acknowledge that, as a practical matter, an officer cannot compel an uncooperative motorist to perform the tests.  But that does not mean a motorist's consent is required as a legal matter.  As the Idaho Court of Appeals explained, "an individual who has been instructed by a police officer to perform field sobriety tests has the power to prevent the tests by refusing to cooperate, but that power does not equate to a constitutional right to refuse."[5]

---

[2]  *McCormick v. Anchorage*, 999 P.2d 155, 160 (Alaska App. 2000).

[3]  *Id.*

[4]  *Galimba*, 19 P.3d at 612.

[5]  *State v. Buell*, 175 P.3d 216, 218 (Idaho App. 2008).

Moreover, because a motorist's legal consent to field sobriety tests is not required,[6] the validity of field sobriety tests does not hinge on whether the officer politely asked the motorist to perform them or instead tersely instructed the motorist to complete the tests — as long as the circumstances of the stop as a whole were not so coercive that the motorist was subjected to arrest before the trooper had probable cause.[7]

Here, the trial court found that Spencer did not willingly engage in the field sobriety tests and the trooper did not have probable cause to demand that Spencer perform the tests. The trial court believed that probable cause was required because, although Spencer never refused to perform the field sobriety tests, he complained about doing them and expressed a desire not to do them. The State argues that the trooper's conduct — repeatedly telling Spencer to complete the field sobriety tests — was neither coercive nor threatening. Indeed, from our review of the record, it appears that the contact was cordial, and that Spencer cooperated and performed all of the field sobriety tests as directed, albeit unenthusiastically. We therefore reverse the district court's ruling granting Spencer's motion to suppress and dismissing his case and remand this case to the district court for further proceedings consistent with this decision.

We note that, on remand, the court should also address the outstanding motions that it has not yet ruled on, which include Spencer's motion challenging the legality of the initial stop. We express no opinion on the merits of that motion.

*Conclusion*

We REVERSE the judgment of the district court and REMAND for further proceedings consistent with this decision. We do not retain jurisdiction.

---

[6]    *McCormick*, 999 P.2d at 161.

[7]    *Galimba*, 19 P.3d at 612.

# In the Court of Appeals of the State of Alaska

State of Alaska,

                Appellant,

    v.

David Spencer,

                Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

Court of Appeals No. A-11895

## Order

Date of Order: **February 22, 2016**

Trial Court Case # **4NE-13-00095CR**

[Before: Mannheimer, Chief Judge, and Allard, Judge.]

Upon consideration of the Appellant's motion to publish our decision in this case,

IT IS ORDERED:

1. The motion to publish is GRANTED.

2. Memorandum Opinion No. 6282 is WITHDRAWN and is SUPERSEDED by Published Opinion No. 2494, which will be issued on February 26, 2016.

Entered at the direction of the Court.

Clerk of the Appellate Courts

Kasey Murphy, Deputy Clerk