**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45252**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 9, 2018 |
| Plaintiff-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| JORDAN DAVID DAILY, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Order granting motion to suppress, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for appellant.

Eric D. Fredericksen, State Appellate Public Defender; Andrea Reynolds, Deputy Appellate Public Defender, Boise, for respondent.

---

LORELLO, Judge

The State appeals from the district court's order granting Jordan David Daily's motion to suppress and the district court's order denying the State's motion for reconsideration. The district court granted Daily's motion to suppress, concluding that, on the facts of this case, law enforcement could not lawfully search the glove box of Daily's car for evidence of an open container. For the reasons set forth below, we reverse the district court's order granting Daily's motion to suppress. Because we reverse the order granting the motion to suppress, we do not address the district court's order on reconsideration.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After observing Daily commit a number of traffic offenses, an officer conducted a traffic stop and made contact with Daily, the driver and only occupant of the vehicle. During his initial

1

contact with Daily, the officer noticed an open, green-colored can in the cup holder in the center console and suspected it was an alcoholic beverage. A subsequent records check revealed that Daily had an outstanding warrant for failing to appear. Daily was arrested on the warrant. After Daily was detained, two officers conducted a search of Daily's vehicle. The officer retrieved the can from the center console and confirmed it was an alcoholic beverage that was still cool to the touch. Another open can that was warm and empty was found on the passenger-side floor and other unopened alcohol containers were found in the back seat. The officers used the keys Daily left in the ignition to unlock the glove box and found a syringe containing a cloudy liquid and small bags of powder, which the officer believed to be methamphetamine. Further search of the glove box revealed cash, a scale, and a pouch with a spoon inside. Daily was charged with possession of a controlled substance and possession of drug paraphernalia. Daily filed a motion to suppress all evidence seized from the vehicle and, after a hearing on the motion, the motion was granted. The State filed a motion for reconsideration, which the district court denied. The State appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State argues that the district court erred in granting Daily's motion to suppress based on its incorrect conclusion that the automobile exception to the warrant requirement did not justify the officer's search of the glove box. According to the State, the district court applied an erroneous legal standard because it required the State to demonstrate probable cause that there

2

was an open container in the glove box even though the officer had probable cause to search the automobile based on the open container in plain view in the center console. The State contends that, under the automobile exception, the open container in plain view permitted the officers to search any portion of the vehicle where an open container could be found, including the glove box. The State also argues that the district court erred in denying its motion for reconsideration. Daily asserts that the district court correctly found that the automobile exception did not permit the warrantless search of the glove box because no reasonable person would conclude that an open container would be present in a glove box. We hold that, pursuant to the automobile exception, the search of the glove box was lawful.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One well-recognized exception to the warrant requirement is the automobile exception. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991); *State v. Ramirez*, 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct. App. 1991). In determining whether a search is authorized pursuant to the automobile exception, the question is whether there is probable cause to believe that the automobile holds contraband or evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 155-56 (1925). If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825 (1982). Probable cause is established if the facts available to the officer at the time of the search would warrant a person of reasonable caution in the belief that the area or items to be searched contained contraband or evidence of a crime. *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007). The officer's determination of probable cause must be based on objective facts which would be sufficient to convince a magistrate to issue a warrant under similar circumstances. *Ross*, 456 U.S. at 808; *State v. Murphy*, 129 Idaho 861, 864, 934 P.2d 34, 37 (Ct. App. 1997). In *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999), the Supreme Court held that, when there is probable cause to search for contraband in an automobile, it is reasonable for

3

officers to search the containers in the automobile without showing individualized probable cause for each container. An automobile's glove box is a container for purposes of the automobile exception. *Ross*, 456 U.S. at 821.

In its factual findings, the district court found that the officer located a can of alcohol in the center console that "was still cool to the touch," a can on the passenger-side floor that was "warm and empty," and "other unopened alcohol containers in the back seat." However, the district court concluded the glove box could not be searched because the officer "did not question Daily in order to determine how many drinks he may have had while driving or if there may be further open containers in the car" and did not observe "liquid or alcoholic odor emanating from either the vehicle or glove box indicating that another container may be present." The district court also noted that, although the officer testified that he had previously discovered an open container in a glove box, the officer "clarified that it was of a type that could be resealed, not a non-resealable can such as those found in Daily's vehicle." The district court concluded that "no reasonable person, based on these facts, would conclude that an open container would be present in the glove box." The district court further concluded that "no magistrate, presented with these facts, would have found probable cause to support issuing a search warrant for the glove box had one been requested."

The State filed a motion for reconsideration, asking the district court to reconsider its finding that the officer did not have probable cause to search the glove box. The State argued that the presence of an open container in the center console gave rise to an objectively reasonable belief that there were additional open containers in the vehicle and that a search of the glove box was proper under the automobile exception. The district court denied the State's motion to reconsider, reasoning:

> The State argues, without providing any factual basis, that the "mere presence" of a single open container (a can) in the front seat of a vehicle gives rise to an "objectively reasonable belief that the vehicle contains additional bottles of opened alcohol." The State provides no basis for that claim because there isn't one. It is actually much more reasonable to conclude that the number of open containers in a motor vehicle would be less than or equal to the number of people in the vehicle.
> Here, Daily was the only individual in the truck. No erratic driving was observed; no odor of alcohol was smelled; no DUI investigation was ever commenced; no "furtive movements" ever observed. The only open container

4

seen (indeed the only open container *ever* found in the vehicle) remained in the console in the exact same position from the beginning of the stop until it was seized.

The Supreme Court examined the scope of the automobile exception in *Ross* and held that the scope of the warrantless search authorized by the automobile exception is no broader and no narrower than the scope of a search authorized by a warrant supported by probable cause. *Ross*, 456 U.S. at 823. Because a warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search, a warrantless search performed pursuant to the automobile exception also allows law enforcement to search every part of the vehicle that might contain the object of the search. *Id.* at 821.

The precise questions presented in this case are (1) whether there was probable cause to believe Daily's automobile contained contraband and, if so, (2) whether the glove box might contain the object of the search. With respect to the first question, Daily concedes that the officer had probable cause to believe Daily's automobile "contained contraband or evidence of the crime of possessing an open container of alcohol" and, therefore, the officer could lawfully search Daily's automobile "for additional evidence of that offense." Thus, we turn to the second question--whether the glove box might contain the object of the search. An open container is defined in I.C. § 23-505, which provides, in relevant part:

> (1) Alcoholic liquor lawfully purchased may be transported, but no person shall break open, or allow to be broken or opened any container of alcoholic liquor, or drink, or use, or allow to be drunk, or used any alcoholic liquor therein while the same is being transported. Provided however, that an unsealed alcoholic beverage container may be transported in an enclosed trunk compartment or behind the last upright seat of a vehicle which has no trunk compartment.
> (2) No person in a motor vehicle, while the vehicle is on a public highway or the right-of-way of a public highway may drink or possess any open beverage containing alcoholic liquor, . . ., beer . . ., or wine . . ., unless such person is a passenger in the passenger area of a motor vehicle designed, maintained, or used primarily for the transportation of persons for compensation, or in the living quarters of a recreational vehicle . . . .

5

Daily does not assert that an open container of alcohol could not fit in his glove box.[1] Nor does the law permit an open container of alcohol to be transported in the glove box, whether it can be resealed or not. *See* I.C. § 23-505. While Daily did not provide any incriminating statements related to "how many drinks he may have had while driving" or whether there were "further open containers in the car," such information was not required in order for the automobile exception to encompass the glove box because specific probable cause vis-à-vis the glove box was not required under *Ross* and *Houghton*. The sole inquiry was whether the glove box might hold an open container. The district court did not find, and Daily does not identify, any evidence demonstrating that the glove box could not hold an open container. Thus, there is no basis from which this Court can conclude that the search of the glove box in this case was constitutionally unreasonable. Accordingly, the district court erred in granting Daily's motion to suppress.[2]

## IV.

## CONCLUSION

Because there was probable cause that the automobile contained evidence of the crime of possessing an open container and because such evidence could be found in the glove box, the search of the glove box was constitutionally permissible pursuant to the automobile exception to the warrant requirement. Therefore, we reverse the district court's order granting Daily's motion to suppress.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[1] On appeal, Daily only asserts that it was not reasonable for the officer to "believe, on these facts, that he would find an additional open container of alcohol" in the glove box. This is not the applicable legal standard for determining the applicability of the automobile exception. *See Ross*, 456 U.S. at 825.

[2] The State also challenges the district court's denial of its motion to reconsider. Because we reverse the district court's order granting Daily's motion to suppress, we need not address the arguments raised in relation to the district court's decision on reconsideration.