**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47199**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: June 23, 2020** |
|     **Plaintiff-Appellant,** | ) |
| | )   **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| THLA HUM LIAN, | ) |
| | ) |
|     **Defendant-Respondent.** | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Order granting motion to suppress, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for respondent. Ben P. McGreevy argued.

_____

GRATTON, Judge

The State appeals from the district court's order granting Thla Hum Lian's motion to suppress. The State argues that the district court erred by: (1) finding that the trooper committed a constitutional violation when searching Lian's vehicle, and (2) suppressing Lian's field sobriety and blood alcohol content (BAC) tests as fruits of the poisonous tree. For the reasons set forth below, we reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lian was charged with felony driving under the influence pursuant to Idaho Code §§ 18-8004, -8005(6). The charges arose after Idaho State Police Trooper Noyes received citizen reports of an intoxicated driver. When Trooper Noyes spotted a vehicle matching the description from one of the citizen reports, he began following the vehicle for observation. After following

1

the vehicle for a mile, Trooper Noyes decided to make a traffic stop based on his observation that the driver was swerving back and forth in the lane, repeatedly crossing the centerline, drifting back over the fog line, getting close to other vehicles, and varying speeds from fifty to ninety-miles-per-hour. After making the traffic stop and approaching the driver (Lian), Trooper Noyes noticed that Lian had glassy red eyes. Trooper Noyes asked Lian if he had been drinking and Lian responded that "he didn't drink; he was Christian."

As Lian searched for his documentation, Trooper Noyes noticed a bag on the floorboard of the front passenger seat which contained items labeled vineyard. Ultimately, Trooper Noyes discovered that the bag contained four boxes of unopened wine. While conversing with Lian, Trooper Noyes heard a plastic bottle tip over in the vehicle. He asked Lian and the passenger to exit the vehicle in order to conduct a search for open containers. Trooper Noyes searched the vehicle for the bottle, discovered two half-full Coca-Cola bottles, opened the bottles, and smelled that they contained alcoholic beverages.[1] Thereafter, the trooper had Lian perform field sobriety tests. Based upon Lian's failure of the field sobriety tests, Trooper Noyes arrested Lian. Next, Lian underwent two breathalyzer tests. The tests returned results of .138 and .137 percent blood alcohol content.

As a result of the search and subsequent testing, the State charged Lian with felony DUI. Lian filed a motion to suppress the evidence obtained as a result of the vehicle search. As relevant to this appeal, Lian argued that the search of his vehicle was unlawful. The State contended that the vehicle search was justified under the automobile exception to the warrant requirement. After a hearing on the motion, the district court determined that the search of the vehicle was proper incident to a *Terry*[2] stop. However, the court concluded that opening the bottles was inappropriate under the plain view doctrine. Consequently, the court suppressed evidence of the contents of the bottles. In addition, the court suppressed the results of the field sobriety and BAC tests as fruits of the poisonous tree. Based on the suppression, the district court granted Lian's motion to dismiss. The State timely appeals.

---

[1]    The bottle contents ultimately tested positive for alcohol.

[2]    *Terry v. Ohio*, 392 U.S. 1 (1968).

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State argues that the district court erred in its analysis and conclusion in regard to the constitutionality of Lian's vehicle search. In addition, the State claims that the district court erred in suppressing the field sobriety and BAC test results as fruits of the poisonous tree. We will address each of these contentions in turn below.

### A.     Automobile Exception

The State argues that: (1) the district court improperly failed to apply the automobile exception; and (2) proper application of the exception justifies Trooper Noyes' search of the vehicle and its containers.

At the motion to suppress hearing, and in its written opposition to Lian's motion to suppress, the State argued that the vehicle search was justified because the trooper had probable cause to search Lian's vehicle for an open container pursuant to the automobile exception. In its order partially granting the motion, the district court recognized that the "State invite[d] the Court to analyze the search of Lian's vehicle using the automobile exception" but the court "decline[d] to do so." After stating that the court would not apply the automobile exception, the district court explained its decision as follows:

> In the context of open containers, Idaho cases demonstrate that probable cause can be established on the basis of visible contraband or the smell of alcohol coming from the vehicle. However, even the smell of alcohol which may be coming from an occupant may not be enough to justify a search under the automobile exception.

3

> Trooper Noyes did not detect the smell of alcohol prior to conducting his search. Trooper Noyes did not see any open containers or other contraband prior to conducting his search. Trooper Noyes justified his search for potential open containers on the sound of a plastic bottle tipping over. While this may have raised some suspicion on his part that there could be open containers in the vehicle, such suspicion does not meet the probable cause standard necessary to justify application of the automobile exception. Therefore, Trooper Noyes' search of the automobile will be analyzed as a more limited *Terry* stop.

Ultimately, the court concluded that the search of the vehicle was proper incident to a *Terry* stop, but the court suppressed the evidence contained in the bottles under the plain view doctrine.

On appeal, the parties agree that a *Terry* stop does not justify the warrantless search of Lian's vehicle and the plain view doctrine does not apply to the facts of this case. Thus, the district court erred in its analysis. Nonetheless, the State claims that the district court should have applied the automobile exception to justify the vehicle search. First, the State argues that the district court improperly failed to analyze all of the factors under the totality of the circumstances because it was under the incorrect assumption that case law required an officer to see or smell alcohol before he or she could lawfully search a vehicle for an open container pursuant to the automobile exception. Second, the State argues that the automobile exception justified the search because, based on the totality of the circumstances, Trooper Noyes had probable cause to search for an open container. In response, Lian asks this Court to affirm the district court on the correct legal theory. Lian contends that under the automobile exception, the vehicle search was unconstitutional because the trooper lacked probable cause to believe that the vehicle contained evidence of an open container.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One such exception is the automobile exception, under which police officers may search an automobile and the containers within it when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *Carroll v. United States*, 267 U.S. 132, 153 (1925); *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).

4

The permissible scope of a warrantless automobile search "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). "Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is a flexible, common sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983); *State v. Johnson*, 152 Idaho 56, 61, 266 P.3d 1161, 1166 (Ct. App. 2011).

First, we conclude that the district court erred in failing to analyze whether, based on the totality of the circumstances, probable cause existed to support the vehicle search under the automobile exception. It appears from the order (as set forth above) the district court read Idaho case law to require an officer to: (1) see an open container, or (2) smell alcohol in order to establish probable cause to search a vehicle for an open container. It is true that generally automobile searches for open containers have been supported by the fact that the officer sees an open container or smells alcohol before engaging in the automobile search. *See State v. Daily*, 164 Idaho 366, 429 P.3d 1242 (Ct. App. 2018); *State v. Wigginton*, 142 Idaho 180, 125 P.3d 536 (Ct. App. 2005). However, those factors only help establish a "fair probability that contraband or evidence of a crime will be found" in the vehicle. *Anderson*, 154 Idaho at 706, 302 P.3d at 331. Idaho case law does not require that those factors be found before the court can conclude that probable cause supports the search. To the contrary, the district court was required to base its probable cause determination on the totality of the circumstances. *Id.* Here, the court declined to analyze the totality of the circumstances because Trooper Noyes did not see the open container or smell alcohol. Thus, the court failed to conduct an appropriate probable cause analysis.

Second, we conclude that Trooper Noyes had probable cause to search Lian's vehicle for an open container. An abundance of factors gave rise to a fair probability that evidence of an open container would be found in Lian's vehicle. First, Trooper Noyes received two citizen reports of an apparently intoxicated individual driving erratically. Second, Lian's vehicle matched the description in the citizen reports. Third, when he was following Lian, the trooper witnessed Lian's erratic driving. Lian was crossing between the center and fog lines, swerving

close to other vehicles, and varying his speed from fifty to ninety-miles-per-hour. Fourth, upon stopping Lian, the trooper recognized that Lian had glassy red eyes. The four factors discussed above all indicate that Lian was driving while intoxicated.[3] Fifth, Trooper Noyes had evidence that Lian was lying to him when he claimed that he did not drink because he was "Christian." Sixth, Trooper Noyes was aware that Lian had four boxes of unopened alcohol in the vehicle. Finally, after recognizing all of these factors, Trooper Noyes heard a plastic bottle tip over in the front driver seat of the vehicle. Trooper Noyes testified that his training and experience have taught him that people who drink and drive often hide alcoholic beverages in soda bottles. He believed that the bottle was knocked over to hide it from him. A police officer may draw inferences based on his own experience in deciding whether probable cause exists. *Ornelas v. United States*, 517 U.S. 690, 700 (1996). Because Trooper Noyes had overwhelming evidence that Lian was intoxicated, Lian had unopened alcohol in the vehicle, and Trooper Noyes heard a half-full bottle tip over, it was objectively reasonable for him to believe he would find an open container in Lian's vehicle. All of those factors, taken together under the totality of the circumstances, established probable cause to search Lian's vehicle for an open container. Accordingly, the vehicle search was justified under the automobile exception to the warrant requirement.

## B.      Fruits of the Poisonous Tree

The State argues that even if the search of the vehicle or the bottles was unconstitutional, the district court erred in suppressing the field sobriety and BAC tests as fruits of the poisonous tree.

"[S]uppression of evidence under the exclusionary rule is appropriate only where the challenged evidence is *in some sense*, whether direct or indirect, the product of illegal government activity." *State v. Keene*, 144 Idaho 915, 918, 174 P.3d 885, 888 (Ct. App. 2007); *see also Segura v. United States*, 468 U.S. 796, 815 (1984); *State v. McBaine*, 144 Idaho 130, 133, 157 P.3d 1101, 1104 (Ct. App. 2007). When "a defendant moves to suppress evidence allegedly gained through unconstitutional police conduct, the defendant bears an initial burden of going forward with evidence to show a factual nexus between the illegality and the state's

---

[3]      This Court has held, in the context of a DUI arrest, that it was reasonable to believe that evidence of the offense, e.g. alcohol containers or other evidence of alcohol use, might be found in the vehicle, allowing a search. *State v. Cantrell*, 149 Idaho 247, 254, 233 P.3d 178, 185 (Ct. App. 2010).

6

acquisition of the evidence." *Keene*, 144 Idaho at 918, 174 P.3d at 888. Evidence will not be excluded unless the illegality is at least the "but for" cause of the evidence's discovery. *McBaine*, 144 Idaho at 133, 157 P.3d at 1104. The defendant needs to show that the discovery of evidence was a product or result of the unlawful police conduct. *Id*. at 134, 157 P.3d at 1105. If a defendant fails to meet this burden, his motion to suppress necessarily fails. *Id.* ("Where a defendant has not shown the requisite nexus between the unlawful police activity and the challenged evidence, suppression must be denied."). If the defendant makes the requisite showing, the State bears the ultimate burden of persuasion to prove that the challenged evidence is untainted. *Id*. at 133, 157 P.3d at 1104.

The district court's complete recitation of the fruit of the poisonous tree doctrine was set forth in its order as follows:

> To determine whether to suppress evidence as fruit of the poisonous tree, the court must inquire into whether the evidence was recovered as a result of the exploitation of the unlawful conduct or instead by means sufficiently distinguishable to be purged of the primary taint. The State bears the burden of showing that the unlawful conduct did not taint the evidence.

Based on this understanding of the doctrine, the court concluded that:

> The State had not carried this burden. Trooper Noyes conducted the field sobriety tests only after the *Terry* violation involving the soda bottles discussed above. Trooper Noyes testified that he made the decision to conduct the field test prior to conducting the search for the open containers but did not do so because he was concerned that the passenger might destroy evidence of an open container. This testimony is not persuasive.
> . . . The timing and manner of the search and subsequent field sobriety tests supports a finding that the search was conducted to secure additional evidence to support conducting such field sobriety tests.
> Trooper Noyes decided to conduct the field sobriety tests based, at least in part, on the discovery of open containers of alcohol. This Court is unconvinced that had the bottles discovered by Trooper Noyes contained only Coca-Cola he would have still conducted the field sobriety tests. The discovery of the open containers is so intertwined with Trooper Noyes subsequent actions that it is impossible to separate it from them. Thus, the State has failed to carry its burden to show that the decision to conduct the field sobriety tests and the evidence discovered from such tests were not tainted by the previous unlawful search.

On appeal, the State contends that: (1) the district court failed to apply the correct legal standard by improperly shifting the burden to the State before requiring Lian to show, but for the bottle search, the trooper would not have conducted the field sobriety and BAC tests; and (2) if the proper legal standard is applied, the bottle search did not cause the discovery of the field

sobriety and BAC test results. We agree with both of the State's contentions. We conclude that the district court erred in suppressing evidence of the field sobriety and BAC tests under the exclusionary rule.

First, the district court erred by failing to require Lian to meet his burden of showing a causal connection between the bottle search and the test results. Instead of imposing this requirement on Lian, the district court leaped to the State's burden of persuasion. This constitutes error because the State is only required to show that the evidence is untainted *after* the defendant shows "but for" causation. *McBaine*, 144 Idaho at 133, 157 P.3d at 1104. Lian argues that "by proceeding to the State's ultimate burden to prove that the challenged evidence was untainted, the district court effectively ruled that Mr. Lian had met his burden . . . ." We are not persuaded by this argument and conclude that the district court did not "effectively" rule that Lian met his burden. It is evident from the court's order that it did not make a ruling as to Lian's burden because: (1) the court did not cite the rule requiring the defendant to meet his burden; (2) the court did not make one factual finding in regard to Lian's burden; (3) Lian did not provide any evidence to show "but for" causation; and (4) the record does not indicate that Trooper Noyes would have stopped his DUI investigation had he not found an open container in Lian's vehicle. Moreover, to accept that a trial court can "effectively" rule that a defendant met the causal connection burden would eliminate the burden.

Second, the court's analysis and its findings, to the extent that they are findings, are tainted by its unfounded belief that an officer needs more than reasonable suspicion to conduct field sobriety tests. However, the administration of field sobriety tests are permissible on the basis of reasonable suspicion of DUI. *State v. Buell*, 145 Idaho 54, 56, 175 P.3d 216, 218 (Ct. App. 2008); *State v. Ferreira*, 133 Idaho 474, 480, 988 P.2d 700, 706 (Ct. App. 1999). The district court's misunderstanding is evidenced by the fact that the court had already concluded that Trooper Noyes had reasonable suspicion of a DUI before searching the vehicle.[4] In

---

[4] The district court made this conclusion when it applied the *Terry* test to justify the vehicle search. During its *Terry* application, the court stated, "Under the totality of the circumstances, Trooper Noyes could have reasonable suspicion that Lian was intoxicated and was justified in conducting the initial search for additional indicators of intoxication such as open cans or bottles of alcohol." Although the parties agree that *Terry* is inapplicable in this case, the court's conclusion that Trooper Noyes had reasonable suspicion of a DUI before searching the vehicle in relation to that analysis illustrates its apparent misunderstanding that Trooper Noyes needed more evidence before conducting field sobriety tests.

addition, it is clear, from the portions of the order set forth above, that the district court was under the impression that Trooper Noyes conducted the vehicle search because he needed to acquire additional evidence of a DUI before he could lawfully conduct the field sobriety and BAC tests.[5] That was not the case. Thus, the court's findings and conclusions have no support in the law or the record.

Third, the field sobriety and BAC test results were not properly suppressed as fruits of the poisonous tree. Based on its tainted belief, the court inappropriately concluded that the field sobriety and BAC tests resulted from an illegal search. However, Trooper Noyes had more than enough evidence to establish reasonable suspicion of a DUI to conduct the field sobriety and BAC tests before he discovered the bottles in Lian's vehicle. Further, Trooper Noyes testified that he was going to conduct the testing regardless of the car search. The tests results were not a product of Trooper Noyes finding the bottles in Lian's vehicle. Thus, the district court erred in suppressing the field sobriety and BAC test results as fruits of the poisonous tree.

## IV.

## CONCLUSION

The district court erred by concluding that Trooper Noyes committed a constitutional violation and suppressing the test results as fruits of the poisonous tree. Therefore, we reverse the district court's order granting Lian's motion to suppress.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

---

[5] It is apparent from the following statement that the district court was mistaken as to Trooper Noyes' need to acquire more evidence: "The timing and manner of the search and subsequent field sobriety tests supports a finding that that search was conducted to secure additional evidence to support conducting such field sobriety tests."