# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51610

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 23, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ALICIA DIANE WIMMER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Buchanan, District Judge.

Judgment of conviction and sentence for possession of a controlled substance and possession of paraphernalia with persistent violator enhancement, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Alicia Diane Wimmer appeals from the judgment of conviction for possession of a controlled substance and possession of paraphernalia with persistent violator enhancement. Wimmer claims the district court erred in finding that officers had reasonable suspicion to detain her and, consequently, denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sometime between midnight and 2:00 a.m., Officer Edwards received a report of a male and female in a grocery store parking lot who were acting suspicious. Officer Edwards responded to the scene and saw a male and female, later identified as Trevor Hensley and Alicia Wimmer, walking from a dark-colored Chrysler sedan towards a grocery store. Officer Edwards observed Wimmer and Hensley stop at the entrance of the grocery store and look around before entering the

1

store. While Wimmer and Hensley were inside the grocery store, Officer Edwards looked into the vehicle and observed tinfoil folded into a flat square on the driver's side floorboard, which he recognized as drug paraphernalia. Officer Edwards and Officer Baker entered the grocery store and asked Wimmer and Hensley to exit the store. Officer Edwards acknowledged that Wimmer and Hensley were seized at that point. Once outside, Wimmer consented to a search of her person and volunteered that the officers would find fentanyl in her purse inside the vehicle. Officer Edwards then searched the vehicle and found burned fentanyl wrapped inside the tinfoil, and fentanyl and additional paraphernalia inside Wimmer's purse. The State charged Wimmer with possession of a controlled substance (fentanyl), Idaho Code § 37-2732(c)(1); possession of paraphernalia, I.C. § 37-2734A(1); and a persistent violator enhancement, I.C. § 19-2514.

Wimmer filed a motion to suppress, arguing that Officer Edwards did not possess reasonable suspicion of criminal activity supporting Wimmer's seizure. After a hearing at which Officer Edwards' body camera video was admitted and Officer Edwards testified, the district court orally denied the motion. Thereafter, Wimmer pled guilty to possession of a controlled substance, possession of paraphernalia, and a persistent violator enhancement, reserving her right to appeal the denial of her motion to suppress. Wimmer appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Wimmer claims the district court erred in denying her motion to suppress. Wimmer contends the police officers violated her Fourth Amendment rights when they seized her without reasonable suspicion of criminal activity.

2

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One such exception applies when there is an investigative detention based upon reasonable suspicion of criminal activity. *State v. Buell*, 145 Idaho 54, 55-56, 175 P.3d 216, 217-18 (Ct. App. 2008). Limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable articulable suspicion that a person has committed, or is about to commit, a crime. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Id.* Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the stop. *Id.*

Wimmer argues that the totality of circumstances did not give rise to reasonable suspicion for her detention. Wimmer points out that Officer Edwards observed in the vehicle a clean folded piece of tinfoil which, besides being folded, did not show any burn marks, residue, or any other indication of drug use. Moreover, while Officer Edwards testified that, based on his experience, folded or crumpled tinfoil is associated with controlled substances, Officer Edwards saw only that Wimmer and Hensley parked a distance from the entrance of the grocery store, late at night, and paused before entering the store, all of which is lawful conduct.

The State argues that Wimmer fails to consider the totality of the circumstances. Officer Edwards testified that tinfoil is commonly used to smoke different drugs; he had participated in several hundred drug investigations; and that, "if you're talking fentanyl," he had seen tinfoil used "every single time [he had] come in contact" with it--which was "[p]robably 100 to 200" times. As to the folding of the tinfoil, Officer Edwards testified that a common way that he encounters tinfoil is as he observed the tinfoil on this occasion, where the tinfoil is "neatly folded, it is folded into a square or rectangle, normally into a smaller size that would fit into the palm of your hand," which occurs when suspects "are actively using . . . the tinfoil to smoke the fentanyl." In addition, Officer Edwards stated that the purpose of the tinfoil being neatly folded is "because [he would] commonly see either there's a pill on it that is just smoked or about to be smoked or they have it

3

folded in their wallets and it is clean," so that "when they toss out the used one, then they already have one setup for the next use."

Regarding the other circumstances, Officer Edwards testified that he found it suspicious that Wimmer's vehicle was parked far away from the grocery store, because normally if someone needs something from the grocery store late at night, from his experience, they park closer to the front of the store. In this case, the vehicle was actually parked closer to a bank than the grocery store even though there were plenty of stalls available that late at night where a vehicle could park. Officer Edwards also testified that Wimmer and Hensley started to leave the vehicle when he arrived on scene, which he described as common that when law enforcement comes into an area people may leave the scene in order to separate themselves from their vehicles or personal effects. Finally, Officer Edward testified that Wimmer and Hensley stopped at the front of the store, turned their back to the store, and looked back in the direction of the patrol car for approximately thirty to sixty seconds, which is a significant amount of time. Officer Edwards described this conduct as suspicious because a person intent on shopping at the grocery store at around midnight would simply enter the store.

In reviewing the evidence and the totality of the circumstances, the district court noted the distance the vehicle was parked from the grocery store entrance and that Wimmer and Hensley turned their backs to the store and looked out over the parking lot for several seconds before they entered the store. In addressing Wimmer's principal argument, that the folded-up tinfoil did not support suspicion of criminal activity because the tinfoil was clean, there were no burn marks, there was no pill residue, or any pills seen on the foil, the district court agreed with Officer Edwards that it was suspicious, stating:

> But what makes it different was that [the tinfoil] was folded up into this little square, which is commonly how Officer Edwards sees foil that is used as paraphernalia in his 100 to 200--75 percent of 100 to 200 drug investigations that he estimates he had been involved with before this incident back in April.
>
> Common household items are often used as paraphernalia. People use pieces of pens that are deconstructed as tooters. People use baggies to store controlled substances. People use foil.
>
> And under certain circumstances simply seeing a baggy or a box of baggies in a car, seeing a roll of foil or even some crumbled up foil might not be enough.
>
> But under these circumstances[,] where this foil was very neatly folded into the square described by Officer Edwards, that raised enough for it to be reasonable suspicion.

4

Considering the totality of the circumstances, reasonable suspicion of criminal activity supported the officers' detention of Wimmer. While Wimmer argues that each of the circumstances can be considered innocuous, the argument fails to consider the circumstances in the aggregate. *State v. Danney*, 153 Idaho 405, 411, 283 P.3d 722, 728 (2012) (the existence of alternative, innocent explanations does not necessarily negate reasonable suspicion). Moreover, Officer Edwards' testimony, accepted by the district court, described how the neatly folded tinfoil is itself indicative of drug use or possession. Wimmer fails to demonstrate that the district court erred in finding that the officers possessed reasonable suspicion supporting Wimmer's detention.

## IV.

## CONCLUSION

The district court did not err in denying Wimmer's motion to suppress. Therefore, the judgment of conviction and sentence for possession of a controlled substance and possession of paraphernalia, with persistent violator enhancement, and the district court's order denying Wimmer's motion to suppress are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.